UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

FREDERICK H. SMITH,

               Petitioner,

v.

HENNEPIN COUNTY ATTYS: JUDGE
DIANA EAGON, HENNEPIN COUNTY
PROSECUTORS, HENNEPIN COUNTY
ADULT SUPERVISION, MARK WALZ, ET
AL., MN DOC COMMISSIONERS, JOAN
FABIAN, ET AL., JEFFREY L.
PETERSON, WARDEN CHRIST, LYNN
DINGLE, MN STATE PUBLIC
DEFENDERS OFFICE, ET AL.,

               Respondents.

Civil No. 06-4047 (JRT/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that the petition for writ of habeas corpus should be DISMISSED WITHOUT PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a state prison inmate who is currently confined at the Minnesota Correctional Facility at Stillwater, Minnesota. His present application for habeas corpus relief does <u>not</u> challenge the validity of his original criminal conviction or sentence; instead

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

he claims that Respondents have deliberately misinterpreted Minnesota state statutes governing supervised release, and, as a result, they are currently detaining him, (and threatening to detain him in the future), in violation of his rights under federal law and the Constitution.

The Court reviewed the present petition shortly after it was filed, and noted that Petitioner apparently had not exhausted his state court remedies before seeking federal habeas corpus relief.   Therefore, by order dated October 12, 2006, (Docket No. 2), Petitioner was directed to file "an affidavit showing that he has fully exhausted every possible state court remedy with regard to each claim raised in his current habeas corpus petition."   Although Petitioner recently filed an affidavit, (Docket No. 4), he still has not shown that he has exhausted his available state court remedies for all of his current federal habeas claims.

## II.  DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982).   This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking habeas relief in federal court. O'Sullivan, 526 U.S. at 845; Duncan, 513 U.S. at 365-66; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain unexhausted habeas corpus claims, petitions that include such claims are subject to summary dismissal under Rule 4.

In this case, there is a remedy available to Petitioner under state law that he has not yet exhausted -- namely a state court habeas corpus petition. This remedy is provided by Minn.Stat. § 589.01, which states that:

> "A person imprisoned or otherwise restrained of liberty, except persons committed or detained by virtue of the final judgment of a competent tribunal of civil or criminal jurisdiction, or by virtue of an execution issued upon the judgment, may apply for a writ of habeas corpus to obtain relief from imprisonment or restraint."

Under this statute, individuals who claim to be wrongfully detained by Minnesota state authorities, but who are not directly challenging a criminal conviction or sentence, can bring a habeas corpus action in state court. Thus, a Minnesota prison inmate who believes that he is being illegally detained beyond his proper release date can seek relief in state court under § 589.01. See Kelsey v. State, 283 N.W.2d 892, 894-95 (Minn.App. 1979) ("state habeas corpus is an appropriate remedy" for "reviewing allegations of failure of parole authorities to follow applicable statutory and constitutional principles"); Harju v. Fabian, No. A05-1820 (Minn.App. 2006), 2006 WL 2255898 (unpublished opinion) at * 1 ("[a]n offender whose conditional release has been revoked may seek review of the revocation by petitioning the district court for a writ of habeas corpus... [and a] denial of a

writ of habeas corpus may be directly appealed").

If Petitioner believes that Respondents have misinterpreted and misapplied Minnesota law governing supervised release, and he believes that he is being wrongly detained as a result of Respondents' alleged errors, he can seek relief under § 589.01. Furthermore, if he is not granted relief under § 589.01 at the state trial court level, he can seek further review of his claims in the Minnesota Court of Appeals, and, if necessary, in the Minnesota Supreme Court.  Minn.Stat. § 589.29; Minn. R. App. P. 117.

Even after the Court specifically ordered Petitioner to demonstrate, by affidavit, that he exhausted all of his state court remedies for all of his current claims for relief, he still failed to do so.  It appears from Petitioner's original habeas corpus petition, and his subsequent affidavit, that he has not exhausted the state court remedy provided by Minn.Stat. § 589.01.  Indeed, Petitioner has not suggested that he has ever even attempted to present any of his current claims for relief to any Minnesota state court.

Rather than trying to show that he has satisfied the exhaustion of state court remedies requirement, (which he obviously cannot do), Petitioner contends that he should be excused from the exhaustion requirement, because it would be "futile" to present his current claims to the state courts.  This argument must be rejected because it is wholly unsubstantiated – it is based solely on Petitioner's own self-serving conclusory assertion that the state courts will not uphold his constitutional rights.  Petitioner has not shown that the federal district court is better suited than the Minnesota state courts to entertain and decide his current claims for relief.  The state courts are fully capable of correctly resolving Petitioner's constitutional claims, and must be given the first opportunity to do so.  See Wade v. Mayo, 334 U.S. 672, 679 (1948) ("State courts are duty bound to give full effect

4

to federal constitutional rights and it cannot be assumed that they will be derelict in their duty"). Therefore, the Court rejects Petitioner's contention that he should be excused from the exhaustion of state court remedies requirement.

## III. CONCLUSION

Because Petitioner has failed to satisfy the exhaustion of state court remedies requirement, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases. However, it will be recommended that the action be dismissed without prejudice, so that Petitioner can later return to federal court, (if necessary), after he has exhausted his state court remedies for every claim that he seeks to raise in federal court. See Gray v. Hopkins, 986 F.2d 1236, 1237 (8th Cir.), cert. denied, 510 U.S. 839 (1993).[2]

Finally, because the Court has determined that the present action must be summarily dismissed due to non-exhaustion, it will also be recommended that Petitioner's pending application to proceed in forma pauperis, (Docket No. 3), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per

---

[2] Petitioner should bear in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (assuming relief is not granted at the state district court level), including the right to seek review in the Minnesota Supreme Court. See O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

If Petitioner returns to the state courts, he should also make sure that each constitutional claim presented to the state courts is clearly identified and explained. (This admonition is prompted by the obfuscation that permeates his submissions in the present action.)

5

<u>curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2.  Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 3), be DENIED; and

3.  This action be summarily DISMISSED WITHOUT PREJUDICE.


Dated: November 16, 2006

 s/ <i>Franklin L. Noel</i>
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 6, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.